UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | Crim. Case No. 3:16cr219 (JCH) |
| v. | : | |
| | : | VIOLATIONS: |
| | : | 26 U.S.C. § 7203 |
| | : | (Willful Failure to Keep Records) |
| | : | |
| REGAN TIPPETT | : | |
| | : | |

INFORMATION

The United States Attorney charges:

### Background

1. During all times relevant to this Information, the defendant REGAN TIPPETT was a resident of Connecticut and worked as a bail bondsman.

2. In 2009, TIPPETT worked for a bail bonds business called Connecticut Bail Bonds as a commissioned agent.

3. In January 2010, TIPPETT started a bail bonds business called Statewide Bail Bonds LLC ("Statewide Bail Bonds" or "the Company"). The business provided bonding services to criminal defendants seeking release from incarceration pending court hearings, trial or sentencing. The Company began as a partnership between TIPPETT and four others. Within several months, two partners dropped out, leaving TIPPETT and two remaining partners. During all relevant times, Statewide Bail Bonds had bank accounts at Webster Bank and filed informational partnership tax returns and Forms K-1 with the IRS identifying its yearly business gross receipts and income or losses and percentage of income and losses attributable to identified partners.

4. The bail bonds businesses generated income from charging clients (that is,

defendants in state criminal matters) fees for providing bonding services. Such fees were paid primarily in the form of cash or checks.

5. TIPPETT had personal bank accounts with Bank of America and First Niagara. In addition to depositing business cash and checks into the relevant Statewide Bail Bonds LLC business bank accounts, TIPPETT also made such deposits into his personal bank accounts.

### IRS Rules Regarding Record Keeping

6. Under Section 1.6001-1 of Title 26 of the Code of Federal Regulations, any person required to file a tax return of information with respect to income "shall keep such permanent books of account or records . . . as are sufficient to establish the amount of gross income, deductions, credits or other matters required to be shown by such person in any return of such tax or information."

7. TIPPETT knew that he had failed to keep certain records regarding deposits of business income and that by failing to keep records to establish the amount of gross income, namely, records sufficient to establish deposits of business income, corresponding reimbursement from personal funds, and other records relating to the character of deposits, his outside accountant and later the IRS would have difficulty reconciling the true income for his business reported on relevant yearly business and personal tax returns.

### TIPPETT's Contact with the IRS

8. As of 2010, TIPPETT and his two other partners employed a bookkeeper to gather relevant financial information and an outside accountant to prepare the Statewide Bail Bonds partnership returns. The returns were to reflect the Company's gross receipts, expenses and income. These informational partnership returns were filed in or about April of each year.

9. The bookkeeper determined the gross receipts for Statewide Bail Bonds from a review of the deposits made into the Statewide Bail Bonds bank accounts at Webster Bank and that information was then provided to the outside accountant. The accountant prepared the related yearly Forms K-1, which flowed from Statewide Bail Bonds' partnership return and reflected each partner's share of Statewide Bail Bonds' income.

10. The outside accountant also prepared TIPPETT's personal income tax returns based on information provided by TIPPETT and on the individualized net income figure from the Form K-1.

11. Both the bookkeeper and the outside accountant relied on the Company and TIPPETT to keep appropriate business records of, among other things, business income to prepare the relevant tax returns.

## COUNT ONE
(Willful Failure to Keep Records Re: 2010 Form 1040)

12. Paragraphs 1-11 of this Information are incorporated by reference as if fully restated herein.

13. On or about April 13, 2011, in the District of Connecticut, the defendant REGAN TIPPETT procured the preparation of a United States Individual Income Tax Return, Form 1040, by his outside accountant, for the calendar year 2010, which was verified by a written and electronic declaration that it was made under penalties of perjury, was filed with the Internal Revenue Service, and falsely reported that the total taxable income for the calendar year 2010 was $44,229. As relevant to the filing of that return, TIPPETT was required by law to keep appropriate business records to permit the accurate determination of his business income.

Knowing his record-keeping obligation, TIPPETT did willfully fail to keep appropriate business records relating to the determination of income.

All in violation of Title 26, United States Code, Section 7203.

## COUNT TWO
(Willful Failure to Keep Records Re: 2011 Form 1040)

14. Paragraphs 1-11 of this Information are incorporated by reference as if fully restated herein.

15. On or about April 11, 2012, in the District of Connecticut, the defendant REGAN TIPPETT procured the preparation of a United States Individual Income Tax Return, Form 1040, by his outside accountant, for the calendar year 2011, which was verified by a written and electronic declaration that it was made under penalties of perjury, was filed with the Internal Revenue Service, and falsely reported that the total taxable income for the calendar year 2011 was $74,595. As relevant to the filing of that return, TIPPETT was required by law to keep appropriate business records to permit the accurate determination of his business income. Knowing his record-keeping obligation, TIPPETT did willfully fail to keep appropriate business records relating to the determination of income.

All in violation of Title 26, United States Code, Section 7203.

UNITED STATES OF AMERICA

_____
JOHN H. DURHAM
UNITED STATES ATTORNEY

_____
DOUGLAS MORABITO
ASSISTANT UNITED STATES ATTORNEY

_____
CHRISTOPHER W. SCHMEISSER
ASSISTANT UNITED STATES ATTORNEY